# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATIONAL EXCHANGE BANK AND TRUST**
*as Trustee for the Fife Family Trust A*,

        **Plaintiff,**

        v.        Case No. 11-C-134

**PETRO-CHEMICAL SYSTEMS, INC, et al.,**

        **Defendant.**

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 1, 2012, National Exchange Bank and Trust ("NEBAT") filed a motion seeking partial summary judgment with respect to its claims against Petro-Chemical Systems, Inc. ("Petro-Chemical") and Tanknology, Inc. ("Tanknology"). (Docket No. 46.) That same day, Steadfast Insurance Company ("Steadfast"), Tanknology, and Zurich American Insurance Company ("Zurich") filed their own motion for partial summary judgment with respect to NEBAT's claims against these defendants. (Docket No. 56.) On December 3, 2012, the court denied both motions. Nat'l Exch. Bank & Trust v. Petro-Chemical Sys., 2012 U.S. Dist. LEXIS 171134, 7-8 (E.D. Wis. Dec. 3, 2012).

On April 11, 2013, defendants Mid-Continent Casualty ("Mid-Continent") and Petro-Chemical filed what they have captioned as a "motion for reconsideration under Federal Rule of Civil Procedure 54(b)." (Docket No. 79.) Because the other defendants in this action are not relevant to the present motion, the court shall use "defendants" herein to refer to Mid-Continent and Petro-Chemical. In their brief in support, the defendants contend that reconsideration is appropriate

because the court "did not address Petro-Chemical's countervailing Motion for Partial Summary Judgment as to the RCRA claims against it. Therefore, Petro-Chemical respectfully requests this Court reconsider its prior inaction…." (Docket No. 80 at 1.)

There was a very good reason why the court never ruled on any motion for summary judgment brought by Mid-Continent or Petro-Chemical—there was no such motion. The defendants' contention that they did so move is based upon a single line in the middle of their response to the plaintiff's motion for partial summary judgment. They stated, "Therefore, Petro-Chemical respectfully requests this Court enter Partial Summary Judgment in favor of Petro-Chemical on NEBAT's RCRA claims against Petro-Chemical. Fed. R. Civ. Pro. 56(f)(1) (stating a court may 'grant summary judgment for a nonmovant')."

The defendants' contention that they had moved for summary judgment but that there was a "misunderstanding" by the court as to the relief they sought represents a profound misconception as to the nature of summary judgment and its necessary procedures.

Rule 56(f)(1), adopted in 2010, simply formalized what had been long-recognized as a court's ability to sua sponte, after providing notice to the parties and a reasonable time to respond, grant summary judgment. See Fed. R. Civ. P. 56 cmt. to 2010 Amendments; see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Rule 56(f) exists largely for the convenience of the court, to save it from proceeding with trials that it can readily see are unnecessary. It did not create a substitute for a cross-motion to summary judgment. In fact, the suggestion that a party could bring a motion for summary judgment under Rule 56(f)(1) would be a contradiction; Rule 56(f)(1) explicitly refers to the court's authority to grant relief for a *non*movant. If a party moved for summary judgment, by definition, it cannot be considered a nonmovant and thus Rule 56(f)(1) would be inapplicable.

Moreover, the deadline for filing a motion for summary judgment passed long ago on October 1, 2012, (Docket No. 44), and thus had already elapsed when the defendants filed their response to the plaintiff's motion for partial summary judgment on October 31, 2012 wherein they made a passing reference to Rule 56(f)(1). Therefore, irrespective of whether the defendants' response or even this present motion for reconsideration might be regarded as a motion for summary judgment, such a motion would be untimely and therefore denied on that basis.

The rigors of the summary judgment procedures set forth in Fed. R. Civ. P. 56 and the court's companion local rule, Civil L.R. 56, are not empty formalities. As the defendants acknowledged in their own brief in opposition to the plaintiff's motion for summary judgment, courts have referred to summary judgment as "an extreme remedy." (Docket No. 59 at 2 (quoting Bonds v. Coca-Cola Co., 806 F.3d [sic] 1324 (7th Cir. 1986)).) Thus, before the court shall terminate a case or cause of action prior to trial, due process requires that the party have a full opportunity to present the basis for its claim. See Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 766 (7th Cir. 2006). This generally entails a movant supporting its claim with a detailed list of proposed findings of fact, each supported by a specific citation to an applicable part of the record. Fed. R. Civ. P. 56(c); Civ. L.R. 56(b)(1)(C). The nonmovant then has the opportunity to challenge the movant's contentions by not only submitting a memorandum of law in opposition to the motion but also responding to each one of the movant's proposed findings of fact and supplementing those proposed facts with proposed facts of its own. Fed. R. Civ. P. 56(c); Civ. L.R. 56(b)(2)(B). These procedural protections were absent here and would be ignored if the court was to entertain the short-cut cross-motion procedure now being advocated by the defendants.

The relevant proposed facts presented to the court at summary judgment were narrowly tailored to the issues raised in the plaintiff's motion, specifically whether Petro-Chemical was liable under the Resource Conservation and Recovery Act ("RCRA") because it had subcontracted the

3

tank inspection to Tanknology and then did not inspect Tanknology's work. With respect to this theory of liability, the court concluded that hiring a subcontractor, standing alone, was insufficient to render Petro-Chemical liable as a contributor under the RCRA. Nat'l Exch. Bank & Trust v. Petro-Chemical Sys., 2012 U.S. Dist. LEXIS 171134, 7-8 (E.D. Wis. Dec. 3, 2012).

Notwithstanding the limited nature of the court's decision, the defendants leap to the conclusion that the court thus foreclosed any claim the plaintiff might have against the defendants under the RCRA. Not true. The court closed merely one path by which the plaintiff sought to prove its RCRA claim against the defendants. Whether the plaintiff may prove its claim through some other route was not before the court. The court explicitly noted that "some additional facts" might alter its conclusion. Id. at 8. The plaintiff is entitled to attempt to present such additional facts at trial.

A plaintiff-movant seeking summary judgment need not support its motion with every plausible theory that might sustain its claim. A plaintiff-movant might reasonably present only one, recognizing that alternative theories are weaker or they clearly involve disputes of material fact. A plaintiff need present every theory of its case only if it is "put to its proof" by way of a motion for summary judgment brought by a defendant.

If the defendants sought to make the plaintiff "put up or shut up," Porter v. City of Chicago, 700 F.3d 944, 956 (7th Cir. 2012) (quoting Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010)), with respect to its RCRA claim, the proper means of doing so was filing a cross-motion for summary judgment. A passing reference to a request for summary judgment in a response brief is not itself a motion for summary judgment. And most certainly, a reference to Fed. R. Civ. P 56(f)(1), which provides no basis for a party to affirmatively seek relief, is not a motion for summary judgment. Thus, the court finds the defendant's present motion for "reconsideration" to be without merit.

4

**IT IS THEREFORE ORDERED** that Mid-Continent Casualty and Petro-Chemical Systems, Inc.'s "Motion for Reconsideration Under Federal Rule of Civil Procedure 54(b)," (Docket No. 79), is **denied**.

Dated at Milwaukee, Wisconsin this 1st day of May, 2013.

AARON E. GOODSTEIN
U.S. Magistrate Judge